**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:05CV263-3-V**
**(5:98CR192-4-V)**

| | | |
|---|---|---|
| **DERRICK RONALD GIBBS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed October 11, 2005, (Document No. 1) and Petitioner's Motion to Proceed In Forma Pauperis (Document No.2.)

## I. Factual and Procedural Background

A review of the record reflects that on November 5, 1998 Petitioner pled guilty, without a written plea agreement, to one count of conspiracy to distribute a quantity of cocaine and cocaine bases. On April 29, 1999 this Court sentenced Defendant to 169 months imprisonment to be followed by 10 years supervised release. Although Petitioner contends that he did not appeal, the record reflects that Petitioner did file a notice of appeal on June 11, 2003 and that on August 22, 2003 the Fourth Circuit issued an unpublished opinion affirming Petitioner's conviction and sentence.

On October 11, 2005 Petitioner filed the instant Motion to Vacate conceding that his motion is untimely but asking that this Court allow him to file this late motion because as a pro se

1

litigant, he could not have discovered the issues complained of within the one-year limitation period under the Antiterrorism and Effective Death Penalty Act (the "AEDPA" ).

## II. <u>Analysis</u>

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

For the purposes of the limitations period of § 2255, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003).

Although Petitioner contends that he did not appeal his conviction or sentence upon advise from counsel, the record reflects that the Fourth Circuit affirmed Petitioner's sentence and conviction by unpublished opinion on August 22, 2003 and issued the mandate on September 15,

2003. Petitioner did not file a petition for certiorari in the Supreme Court. Therefore, his conviction became final 90 days after the Fourth Circuit issued the mandate, on or about December 15, 2003. Petitioner had until December 15, 2004 to file his § 2255 petition. However, Petitioner did not file his § 2255 petition until October 11, 2005, almost a year too late.

Petitioner argues that because he is a pro se litigant and "not learned in jurisprudence" he could not have discovered the issues he raised in his motion prior to the expiration of the one-year statute of limitations under the AEDPA. For these reasons, Petitioner asks this Court allow him to file this late motion.[1]

The short response is to note that Petitioner filed the instant Motion to Vacate almost a year too late and his stated reason for doing so does not justify equitable tolling.

In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688. It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result. Harris v.

---

[1] 1. In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or Motion to Vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Congress amended the rules governing habeas proceedings and modified the Motion to Vacate forms to comply with the new requirement. The new Motion to Vacate forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, such new provision advises the petitioner that if his/her conviction became final more than one year before the time that the Motion to Vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the Petitioner has attempted to address the timeliness of his Motion to Vacate – albeit unsuccessfully – the Court concludes that it need not provide the Petitioner with any additional notice in this matter.

Hutchinson, 209 F.3d 325, 330 (4ᵗʰ Cir. 2000).   In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4h Cir .2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4ᵗʰ Cir. 2003) (en banc).  "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209 F.3d 325, 330 (4ᵗʰ Cir. 2000).

Here, Petitioner basically claims that because he is pro se, he could not have discovered the claims raised in his Petition before the AEDPA one-year period.  Applying the above cited test to Petitioners particular situation, Petitioner fails to establish that simply being pro se and not schooled in the law qualifies as extraordinary, out of his control and which prevented him from filing his § 2255 motion on time.  Petitioner's stated reason for failing to timely file his Motion to Vacate will not save his petition.  See Harris v. Hutchinson, 209 F.3d 325 (4ᵗʰ Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5ᵗʰ Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).

For the foregoing reasons, this Court concludes that Petitioner's October 11, 2005 Motion to vacate is untimely, does not qualify for equitable tolling, and therefore must be dismissed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is dismissed as untimely.  Furthermore, his Motion to Proceed In Forma Pauperis, (Document No. 2), filed

October 11, 2005, is denied as moot since a motion to vacate does not require a filing fee.

**Signed: December 12, 2005**


Richard L. Voorhees
United States District Judge


7

**Signed: December 12, 2005**

Richard L. Voorhees
United States District Judge